IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| JAMES HARRIS and TREVONYA WILLIAMS on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SMITHFIELD PACKING COMPANY, INC., <br><br> Defendant. | COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 216(b) <br><br><br><br> JURY TRIAL DEMANDED |

NOW COME Plaintiffs, James Harris and Trevonya Williams, by and through counsel, complaining of Defendant Smithfield Packing Company, Inc., and allege and say:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiffs as a result of Defendant's practices and policies of not paying its non-exempt hourly employees, including Plaintiffs, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiffs are former employees of Smithfield Packing Company, Inc. engaged in pork processing. Plaintiffs allege that Defendant, Smithfield Packing Company, Inc., ("Smithfield Packing Company"), has willfully violated Plaintiffs' right to receive pay for all time worked and overtime pay for hours worked in excess of forty (40) per week. Pursuant to 29 U.S.C. § 216(b), Plaintiffs also seek to represent all other similarly situated employees who worked at the Smithfield Packing Company facility in Kinston, North Carolina ("K-2") who have not been appropriately paid for all time worked. The unlawful conduct by Smithfield Packing Company has been widespread and consistent at its K-2 plant. Despite a ruling by the

Supreme Court in *Alvarez v. IBP, Inc.*, 546 U.S. 21 (2005), holding that employers are obliged to pay employees for all time worked between the first compensable act of the day and the last compensable act of the day, less *bona fide* meal breaks, Smithfield Packing Company has willfully engaged in the practice of not recording the time for all work performed and not compensating its employees with appropriate payment for such work.

3. Plaintiffs performed tasks at various stages in the process for producing pork, but had been subjected to Smithfield Packing Company's same illegal policy and practice of willfully failing to pay workers for all time worked. Plaintiffs bring this action on their own behalf and as representatives of similarly situated pork processing employees. The members of the proposed class include: "all current and/or former Smithfield Packing Company employees who have held non-exempt, hourly positions working on or near the pork processing line in Smithfield Packing Company's K-2 pork processing plant in Kinston, North Carolina, at any time since March 19, 2006, and were paid using a 'line time' or 'schedule time' compensation system."

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendant resides in this judicial district in that it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

## PARTIES

6. Plaintiffs are former employees of Smithfield Packing Company's K-2 pork processing plant in Kinston, North Carolina, who had held non-exempt positions at some point since March 19, 2006, which is three years prior to the commencement of this action. Plaintiffs James Harris and Trevonya Williams' written consents are attached hereto as Exhibit A. Plaintiffs bring this action on their own behalf and, pursuant to 29 U.S.C. § 216(b), as representatives of a proposed collective action of similarly situated employees.

7. At all times relevant herein, Plaintiffs have been citizens of the United States and residents of North Carolina.

8. At all times relevant herein, Plaintiffs had been employed by Defendant as non-exempt, hourly employees, and were employees within the meaning of 29 U.S.C. § 203(e)(1).

9. At all times relevant herein, Defendant Smithfield Packing Company, has been a Virginia corporation, conducting business in the State of North Carolina.

10. At all times relevant herein, Defendant has operated numerous pork processing facilities throughout the United States, including a facility in Kinston, North Carolina known as the K-2 plant.

11. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

12. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r)(1).

13. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

15. Written consents to join this action as to Count I, as and when executed by other individual Plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

16. Plaintiffs and members of the proposed class have been engaged in processing pork at the Smithfield Packing Company K-2 facility in Kinston, North Carolina. Their work duties include, but are not limited to, keeping pace with a fast-moving conveyor belt or production line, known as a "pork processing line," while they perform assigned tasks on the assembly line, such as working on the "ready to eat" or "raw" side, mixing ingredients for ham, handling various machines, labeling, sealing, and packaging hams or otherwise preparing the pork for human consumption. Plaintiffs and members of the proposed class work on or near this processing line, often moving between different positions within the plant.

17. Smithfield Packing Company required Plaintiffs and members of the proposed class to arrive at work before their pay time began to obtain and put on protective and sanitary equipment and walk to their place on the pork processing line. In addition, Smithfield Packing Company required Plaintiffs and members of the proposed class to continue working through part of their unpaid breaks as they must doff their PPE, walk to their locker room, wait for new PPE, don their PPE, walk back to the sanitation room, and sanitize their PPE at the beginning and end of each break. Smithfield Packing Company also requires workers to take off or doff this equipment, and store it after their pay time has ended.

18. The actions described above qualify as compensable work because the donning and doffing of protective and sanitary equipment and gear is required by Smithfield Packing

Company, the United States Department of Agriculture, or the nature of the job, and as such these activities are integral and indispensable to the pork processing work the Plaintiffs and members of the proposed class performed.

19. All Plaintiffs and members of the proposed class used one or more of the following items of safety and sanitary equipment and gear: a white/blue lab coat, pants, a hood, plastic apron, hearing protection, safety glasses, hairnet, beard net, hardhat or bump cap, plastic apron, plastic sleeve covers, latex gloves, cotton gloves, and slip resistant boots.

20. Smithfield Packing Company provides the employees with the safety and sanitary equipment that each must wear in order to perform his or her job in a safe and sanitary manner. The system Smithfield Packing Company used/uses to record compensable time for Plaintiffs and members of the proposed class only records as compensable time what is called "line time," which limits compensable time to work performed when the pork processing line is in operation; in other words, from the time the scheduled processing line starts, at the start of the shift, until it reaches the end of that shift time.

21. Smithfield Packing Company's line time system does not record all time that Plaintiffs and members of the proposed class spend donning, doffing, walking, waiting, cleaning, and sanitizing their safety and sanitary equipment and gear.

22. As a result, Smithfield Packing Company has not compensated Plaintiffs and members of the proposed class for the time they would spend donning, doffing, walking, waiting, cleaning and sanitizing their safety and sanitary equipment and gear.

23. Smithfield Packing Company has required Plaintiffs and members of the proposed class to report to their assigned work stations on the line wearing the required safety and sanitary equipment and gear by the time the line is scheduled to begin operating.

5
Case 4:09-cv-00041-H   Document 1   Filed 03/19/09   Page 5 of 10

24. Plaintiffs and members of the proposed class arrived at work before the beginning of their paid line time to obtain their PPE, don their PPE, walk to the sanitation room, and sanitize their safety and sanitary equipment.

25. Prior to beginning their work on the line, employees walked to the supply room to obtain their PPE, then walked back to their locker room or changing area to don their first items of safety, walked to the sanitizing room, waited to sanitize and then walked to their assigned position on or near the production line. Plaintiffs and members of the proposed class were/are not compensated for the time spent in performing these work activities, which usually occur before the pork processing line begins operation but are integral and indispensable to Smithfield Packing Company's pork processing business and related to the principal employment duties of the pork processing workers.

26. Smithfield Packing Company required/requires Plaintiffs and members of the proposed class to work during part of their unpaid meal breaks. Smithfield Packing Company automatically deducts the full scheduled break from their compensated time. During the uncompensated meal breaks, however, Plaintiffs and members of the proposed class doffed their safety and sanitary equipment, walked to stow their equipment, walked to the other end of the building where the lunch room is located, walked back to their locker room or changing area, donned their safety and sanitary equipment, walked back to the sanitizing area, gathered more PPE, sanitizeed their PPE, and then walked back to their work site on or near the production line. Smithfield Packing Company did not compensate them for this work performed during unpaid meal breaks.

27. At the end of their shift, Plaintiffs and members of the proposed class were/are required to remain at the plant performing work after their line time ends. This work includes

the removal or doffing of their safety and sanitary equipment, performing any cleaning that is required and then returning the soiled equipment to the supply room before walking back to their locker room. They are not compensated for any of these activities.

28. The total amount of time daily in which each Plaintiff and members of the proposed class had/has been engaged in unpaid work is substantial. This work is compensable as it occurs after the first compensable act performed each shift by the Plaintiffs and members of the proposed class and before the last compensable act they perform each shift.

29. Smithfield Packing Company suffered or permitted Plaintiffs and members of the proposed class to perform this work and has denied compensation to them for this work pursuant to an established policy or practice. As Plaintiffs and members of the proposed class worked more than 40 hours per week, Smithfield Packing Company has been required by law to compensate them for all time worked over 40 hours per week at one and one half times the regular hourly rate of pay.

30. Smithfield Packing Company has willfully failed to pay Plaintiffs and members of the proposed class at a rate of one and one half times their regular hourly rate for all time worked in excess of forty (40) hours per week, in violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

31. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring this action on behalf of themselves and the following similarly situated employees: all current and former employees of Smithfield Packing Company, who have held non-exempt, hourly positions working on or near the pork processing line in Smithfield Packing Company's K-2 pork processing plant in Kinston, North Carolina, at any time since March 19, 2006, and who were paid using a "line time" or "schedule time" compensation system.

32. Members of the proposed class are current and/or former Smithfield Packing Company employees who have been subjected to the same unlawful practices alleged herein and, therefore, are similarly situated to Plaintiffs named in this Complaint. The members of the proposed class, like Plaintiffs, work in jobs on or near the pork processing line, and are subject to the same or similar pay practices. All proposed class members, similar to the Plaintiffs, are required to obtain and don required protective equipment and sanitary gear at the beginning of their work day, and all proposed class members end their work day by doffing, cleaning and storing that gear. Thus, the first and last compensable act of each workday is the same for these proposed collective action members. Members of the proposed class and Plaintiffs, therefore, should be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

33. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and members of the proposed class.

34. Plaintiffs James Harris and Trevonya Williams, request that they be permitted to serve as representatives of those who consent to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

## COUNT ONE

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

35. Plaintiffs incorporate by reference all preceding paragraphs as if the same were set forth again fully at this point. Smithfield Packing Company has willfully failed to pay Plaintiffs and members of the proposed class at one and one half times their regular rate for all hours worked in excess of forty (40) hours per week, in violation of the Fair Labor Standards Act, as a result of which it owes them and any and all unpaid overtime wages incurred at any time since March 19, 2006, as well as liquidated damages.

36. Smithfield Packing Company has willfully engaged in such conduct in violation of the Fair Labor Standards Act by engaging in a pattern or practice of permitting or requiring Plaintiffs and members of the proposed collective action to perform activities integral and indispensable to their principal pork processing activities, before and after the regular paid work time, and during unpaid breaks without compensation at the applicable overtime rate for hours worked over forty (40) per week.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court:

1. Issue an Order permitting this litigation to proceed as a collective action;

2. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt-in" to this litigation;

3. Grant Plaintiffs and all those similarly situated, a permanent injunction enjoining Defendant, its agents, successors, employees and other representatives from engaging in or continuing to engage in any employment acts, policies, practices or procedures that violate the FLSA;

4. Grant Plaintiffs and all those similarly situated, a "prospective injunction" enjoining Defendant, its agents, successors, employees and other representatives from engaging in or continuing to engage in any employment acts, policies, practices or procedures that violate the requirements of the FLSA;

5. Award Plaintiffs and all those similarly situated actual damages for unpaid wages and liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs and the class;

6. Award Plaintiffs and all those similarly situated pre- and post-judgment interest at the statutory rate;

7. Award Plaintiffs and all those similarly situated attorneys' fees, costs and disbursements; and

8. Award Plaintiffs and all those similarly situated further and additional relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted, this the 19th day of March, 2009.

/s/ Gilda A. Hernandez
Hoyt G. Tessener, NCSB # 16068
H. Forest Horne, Jr., NCSB # 16678
G. Christopher Olson, NCSB # 21223
Gilda A. Hernandez, NCSB # 36812
Martin & Jones
410 Glenwood Ave.
Suite 200
Raleigh, NC 27603
Phone: (919) 821-0005
Fax: (919) 863-6083
ATTORNEYS FOR PLAINTIFFS