IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CV-41-H(1)

JAMES HARRIS on behalf of himself )
and all others similarly )
situated, )
)
)
Plaintiff, )
)
)
v. ) ORDER
)
)
SMITHFIELD PACKING COMPANY, INC., )
)
Defendant. )

This matter is before the court on plaintiff's motion seeking conditional certification of his Fair Labor Standards Act ("FLSA") claims [DE #40], and plaintiff's motion for Rule 23 class certification of his North Carolina Wage and Hour Act ("NCWHA") claims [DE #43, 44]. United States Magistrate Judge James E. Gates has recommended that plaintiff's motions be allowed and that the classes be defined as follows:

For plaintiff's NCWHA claims:

> All current and/or former production and support employees who were employed by Smithfield Packing Company, Inc., as non-exempt, hourly employees at the Kinston, North Carolina K-2 facility, during any period of time from March 19, 2007 through March 19, 2009 who were paid on a "gang" time basis;

and with respect to the FLSA claims:

> All current and/or former production and support employees who were employed by Smithfield Packing

Company, Inc., as non-exempt, hourly employees at the Kinston, North Carolina K-2 facility, during any period of time from March 19, 2006 through March 19, 2009 who were paid on a "gang" time basis.

Judge Gates further recommended that the parties confer regarding proper notice to the putative class. (See Mem. & Recommendation [DE #117].)

Smithfield Packing Company, Inc. ("Smithfield") objects to Judge Gates' recommended decision. First, Smithfield argues that the proposed class is not properly defined because plaintiff and the other employees of Smithfield's K-2 facility were not paid on a "gang" or "line" time basis.[1] Second, Smithfield contends that the named plaintiff does not adequately represent the putative class because (1) he is no longer employed by Smithfield and therefore lacks standing to pursue the declaratory and injunctive relief requested in the complaint; and (2) he has admitted he is unable to provide representative testimony and has given contradictory testimony

---

[1] Under a "gang" or "line" time system, employees are paid based on the amount of time spent working on the production line. Smithfield maintains that its K-2 facility did not use a "gang" or "line" time system, but instead paid its employees based on the beginning and end times of their scheduled shifts. The court finds Smithfield's argument to be disingenuous in light of its 30(b)(6) deponent's testimony that scheduled time and gang time are the same. (See Dep. Antiquea Allen at 64, July 14, 2010 [DE #41-14 at 5] ("We refer to it as a schedule, but it would fall under the definition of gang time."); id. at 65 (answering "Yes" when asked whether "gang time" and "scheduled time" are the same).)

2

concerning matters central to the case. Finally, Smithfield asserts that plaintiff's "first touch" or "continuous workday" theory requires individualized factual determinations of liability precluding any finding of commonality or typicality.

Plaintiff also filed a written objection to Judge Gates' recommendation. First, plaintiff notes that Judge Gates recommended that counsel "confer regarding plaintiff's proposed notice and consent-to-sue form." Plaintiff suggests that Judge Gates inadvertently failed to require the parties to confer regarding an opt-out form for purposes of the Rule 23 class and requests that the court enter an order to that effect. Second, plaintiff states that Judge Gates adopted plaintiff's proposed class definition, which contained a typographical error limiting the Rule 23 class period to the period of March 19, 2007 to March 19, 2009. Plaintiff requests that the class definitions be modified so that both the Rule 23 class and the collective action class reflect a class period of March 19, 2007, through the present.

The court has carefully reviewed Judge Gates' recommended decision, the parties' objections and the other documents of record. Based on this review, the court determines that plaintiff's motions for class certification of the NCWHA claims and conditional certification of the FLSA claims should be

3

allowed on the terms set forth herein. The court further finds that the parties should be required to confer regarding procedures for notification of the putative class members (including the formulation of appropriate opt-in and opt-out forms).

## COURT'S DISCUSSION

I. Procedure for Class and Collective Action Certification

A. FLSA Certification

The FLSA permits employees to maintain an action for unpaid minimum wages and overtime pay against an employer on behalf of themselves and all others similarly situated. 29 U.S.C. § 216(b). An employee who desires to participate in a FLSA collective action must "give[] his consent in writing to become such a party." Id. There are two requirements for certification of a FLSA collective action. First, the members of the proposed class must be "similarly situated". Id.; De Luna-Guerrero v. N.C. Growers Ass'n, 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004). Second, the class members must "opt in" by filing their consent to suit. Id.[2]

Class members are "similarly situated" for purposes of § 216(b) if they "raise a similar legal issue as to coverage,

---

[2]This procedure is different from the procedure utilized for class actions under Rule 23 where potential plaintiffs are bound by the judgment unless they opt out.

exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions." Ellen C. Kearns, The Fair Labor Standards Act § 18.IV.D.3, at 1167 (1999). "[T]heir situations need not be identical. Differences as to time actually worked, wages actually due, and hours involved are . . . not significant to this determination." Id.

Certification of a FLSA collective action is typically a two-stage process. First, the court makes a preliminary determination whether to conditionally certify the class based upon the limited record before the court. The standard for conditional certification is fairly lenient and requires "'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.'" Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001) (quoting Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D. Colo. 1997)). If the class is conditionally certified, the court typically authorizes plaintiff's counsel to provide putative class members with notice of the lawsuit and their right to opt in.

The second stage of class certification comes later, usually after discovery is complete, and is based upon a more developed factual record. Jimenez-Orozco v. Baker Roofing Co.,

5

No. 5:05-CV-34-FL, 2007 WL 4568972, at *6 (E.D.N.C. Dec. 21, 2007). At this stage, the court conducts a detailed review of the claims and defenses in determining whether the suit should proceed as a collective action.

B. Rule 23 Class Certification

Rule 23 of the Federal Rules of Civil Procedure provides for class certification of claims where there are questions of law or fact common to the class. To be certified as a class action under Rule 23, an action must meet four threshold requirements: (1) the class must be so numerous that joinder of all members is impractical (numerosity requirement); (2) there must be questions of law or fact common to the class (commonality requirement); (3) the representative parties' claims must be typical of the claims of the class (typicality requirement); and (4) the representative parties must be able to fairly and adequately protect the interests of the class (adequacy-of-representation requirement). Fed. R. Civ. P. 23(a).

The action must also satisfy one of the requirements set forth in Rule 23(b). See Fed. R. Civ. P. 23(b)(1), (2), (3). Judge Gates determined that plaintiff's NCWHA claims are maintainable under Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions

affecting only individual members and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

## II. Plaintiff's Motions

The court has carefully reviewed Judge Gates' recommended decision, the parties' objections and the other documents of record. Based on this review, the court is convinced that Judge Gates correctly determined that the factual and employment settings of the putative class members are sufficiently similar to warrant class and conditional certification of plaintiff's claims. Like the named plaintiff in this case, the putative class members are former employees of Smithfield's K-2 pork processing facility in Kinston, North Carolina, who were paid on a "scheduled-time" basis. The complaint here asserts that Smithfield's policy or payment practices deprived plaintiff and the other employees of wages to which they were entitled under the FLSA and the NCWHA. As Judge Gates noted:

> [T]here are questions of law and fact common to the members of the putative class. Principal among these questions are whether the time spent donning and doffing protective items and hygiene-related equipment, sanitizing safety and sanitary equipment and gear, waiting to punch a time clock, waiting for the line to begin, and walking to and from the worksite on or near the processing floor were properly compensated by defendant.

(Mem. & Recommendation at 10.)

7

The putative class members' claims arise from the same course of conduct (Smithfield's use of a "scheduled-time" compensation system), raise common questions of law and fact (e.g., whether time spent changing into and out of protective gear and traveling to and from work stations constitutes "work"), and are based on the same legal theories (violation of the FLSA and NCWHA) as those of the named plaintiff. Moreover, the legal and factual issues common to the putative class predominate over any individual issues of law or fact. Finally, a class action is superior to other available methods for fairly and efficiently adjudicating the putative class members' claims.

The court rejects Smithfield's argument that factual differences among the putative class members preclude any finding of commonality or typicality. As Judge Gates noted, this case is far different from Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011), where the plaintiffs' employment discrimination claims were found to lack commonality and typicality. In Dukes, there was no single decision, policy or plan at issue, and the defendant's liability to the individual class members depended on unique and subjective circumstances. In contrast, this case involves a uniform policy or practice of compensating employees based on their scheduled shifts. While differences may exist among the putative class members with

8

regard to the type of protective equipment worn, the method in which they donned and doffed the equipment, and whether they were compensated for any donning and doffing time, these differences relate primarily to the issue of damages, which ordinarily are insufficient to preclude class certification. See Haggart v. United States, 89 Fed. Cl. 523, 533-34 (Fed. Cl. 2009) ("[D]ifferences in the amount of potential damages among putative class members will not alone prevent class certification."). "Often those variations can be determined according to a universal mathematical or formulaic calculation, obviating the need for evidentiary hearings on each individual claim." In re New Motor Vehicles Canadian Export Antitrust Litigation, 522 F.3d 6, 23 (1st Cir. 2008).

The court further rejects Smithfield's argument that the named plaintiff cannot fairly and adequately represent the interests of the class. Since the filing of his complaint, plaintiff has abandoned any claim for declaratory or injunctive relief. (See Pf.'s Reply Mem. Supp. Class Cert. [DE #66] at 11, 12 n.6.) Consequently, he does not lack standing to pursue the relief sought on behalf of the putative class. Rather, his interests are aligned with the unnamed class members. Throughout the proceeding, he has evidenced adequate familiarity with the claims and has actively participated in the litigation.

9

To represent him in this matter plaintiff has retained Gilda Hernandez and H. Forest Horne, Jr., both of whom are capable trial counsel with substantial experience in complex civil litigation, including class action lawsuits. Following Judge Gates' recommended decision, Ms. Hernandez and Mr. Horne filed a motion requesting that they be designated as class counsel in this action. The court finds that Ms. Hernandez and Mr. Horne, as well as the named plaintiff, will fairly and adequately represent the interests of the putative class.

## CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

1. Plaintiff's motions for class certification [DE #43, 44] and conditional certification of a collective action [DE #40] are GRANTED on the terms set forth herein.

2. Plaintiff's FLSA claims are conditionally certified as a collective action under 29 U.S.C. § 216(b).

3. Plaintiff's NCWHA claims are certified as a class action under Rule 23 of the Federal Rules of Civil Procedure.

4. For purposes of both the FLSA claims and the NCWHA claims, the class is defined as follows:

> All current and former non-exempt, hourly production and support employees who worked at Smithfield Packing Company, Inc.'s Kinston, North Carolina K-2 facility at any period of time from March 19, 2007, to the present and who were paid on a "gang-time" or "scheduled-time" basis.

10

5. Plaintiff's motion for designation of class counsel [DE #87] is GRANTED. Gilda Hernandez and H. Forest Horne, Jr., shall serve as Rule 23 counsel.

6. The court DENIES WITHOUT PREJUDICE plaintiff's request for court approval of his proposed notice and accompanying forms [DE #40]. Within fourteen (14) days of the date of this order, the parties shall confer and jointly submit for the court's consideration a proposed class notice (including all appropriate forms) in conformance with the court's ruling herein set forth.

7. Smithfield shall provide plaintiff's counsel with the names and last known addresses of all putative class members within fourteen (14) days of the date of this order.

8. Smithfield's motion for clarification of deadline [DE #88] is DISMISSED as moot.

This 23rd day of September 2011.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31